**UNDERWOOD et v THOMAS et**

Ohio Appeals, 9th Dist, Summit Co.

No. 3069. Decided July 25, 1938.

Wade DeWoody, Dir. of Law, Akron, and Harold L. Mull, Asst. Dir. of Law, Akron, for appellants.

C. G. Roetzel, Akron, and Lee J. Ferbstein, Akron, for appellees.

## OPINION

By STEVENS, PJ.

This case is before this court as an appeal on questions of law.

The petition filed in the Court of Common Pleas sought a declaratory judgment determining that the directors of the University of Akron and the officers and employees of said municipal university were included within the classified service, as defined by §§103 to 118, inclusive, of the charter of the city of Akron, as amended November 2, 1937, such sections being part of the civil service provisions of said charter amendment.

The trial court held that the defendant (appellee) directors of the University of Akron, and the employees of said university, were not subject to the civil service provisions of the charter of the city of Akron, and it is from the judgment so holding that this appeal is prosecuted.

The present University of Akron was originally known as Buchtel College. On August 20, 1913, the trustees of said college made an offer to the city of Akron, which, among other things, contained the following provisions and conditions:

"1. That the city of Akron will devote perpetually the funds and plant thus turned over to it, to the uses of a municipal college or university to be called the College or University of Akron, with the understanding that in case of the development of several colleges, schools or departments, the Department of Liberal Arts shall retain the name of Buchtel College of Liberal Arts.

"2. That the city will provide for the maintenance and growth of the institution within such limits as may be provided for by law.

"3. That the government of the institution shall be under the control of a separate board of trustees to be chosen and perpetuated by municipal authority in such manner as may be now or hereafter provided by law, with a provision, however, if the law permit,

that fitting representation on the board of trustees is assured to the alumni."

That offer was accepted by the city of Akron, through its council, by ordinance No. 4050, duly passed on the 25th day of August, 1913, and said educational institution thereafter came to be known as "The University of Akron."

It is urged by the defendants (appellees) that the city of Akron has no authority, either through its electors or through its council, to change or alter the conditions contained in the offer made by Buchtel College to the municipal authorities of said city. Such a contention is based upon one of the most famous cases of all times, decided by the Supreme Court of the United States—namely, Dartmouth College v Woodward, 17 U. S. (4 Wheat.) 518.

It seems to the members of this court that the holding of that case, which has been followed times  without number by our own Supreme Court, is decisive of the question presented for determination herein. The trustees of Buchtel College, in making their offer to the city, had a perfect right to include in said offer such conditions and provisions as they saw fit to impose as conditions of the trust. The acceptance thereof by the city of Akron, subject to the conditions and provisions imposed, placed a continuing obligation upon the municipality to conform to and comply with those provisions and conditions. There is no legerdemain known to the law whereby conditions supplementary to and additional to those imposed by the settlor of a trust, may be properly engrafted upon the trust.

It is our conclusion that the judgment of the Court of Common Pleas be affirmed.

LIEGHLEY and DOYLE, JJ., concur.